**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TARIQ AHMAD,

                          Plaintiffs,          3:20-cv-0717-MMD-CLB

     v.
                                              **ORDER**
JIM FULKERSON, et al.,

                          Defendants.

     On June 9, 2021, Plaintiff Tariq Ahmed ("Ahmed") filed a motion to compel seeking responses to interrogatories sent to Defendant Jim Richardson and a supplement to the motion. (ECF Nos. 42, 43).   However, a review of the motion and supplement reveals Ahmed failed to comply with the Local Rules and the Court's Civil Standing Order (ECF No. 24) prior to filing the motion. As the Court previously stated in its Order dated May 17, 2021, (ECF No. 38), the parties are _required_ to follow the requirements of the Court's Civil Standing Order, Section V(B) concerning the informal discovery dispute procedure prior to filing a discovery motion. (ECF No. 24). This procedure requires that the parties first properly meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). If the parties are unable to resolve their dispute informally, they _must_ file a joint notice regarding the discovery dispute as outlined in the Standing Order. (_Id_. at 3-4). No discovery motions may be filed until the requirements of the Court' Order are complied with. (_Id_.) In this instance, Ahmed failed to follow the requirements of the Standing Order and the Local Rules prior to filing the instant motion. Therefore, the motion to compel and supplement to the motion (ECF Nos. 42, 43) are denied.

     **A.    Meet and Confer Requirements**

     First, Ahmed asserts he properly "met and conferred" with opposing counsel prior to filing the instant motion. (ECF Nos. 42 at 1; 42-1). Based on a review of Ahmed's declaration and the documents attached to the motion and supplement, it is clear Ahmed

did _not_ properly meet and confer in compliance with Local Rules IA 1-3(f) prior to filing this motion. As a starting point, "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). The parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good-faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference <u>about each disputed discovery request</u>." Local Rule 26-7(c) (emphasis added). This prefiling conference requirement is not simply a formal prerequisite to seeking judicial intervention but requires a fulsome discussion of each issue in dispute. *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).

To properly meet and confer, parties must comply with the requirements of Local Rule IA 1-3(f). This requires the parties to "communicate directly. . .in a face-to-face meeting, telephone conference, or video conference." LR IA 1-3(f). Moreover, the Rule explicitly states the meet and confer requirement cannot be satisfied by the mere "exchange of written, electronic, or voice-mail communications." *Id*. In this case, Ahmed merely sent letters and emails to opposing counsel regarding his alleged issues with the discovery responses. No "face-to-face meeting, telephone conference, or video conference" took place prior to filing the instant motion. Therefore, Ahmed failed to properly meet and confer prior to filing the instant motion in violation of the Court's Standing Order (ECF No. 24) and the Local Rules. LR IA 1-3(f); LR 26-6(b).

**B.      Future Discovery Disputes**

The parties are again advised they are required follow the Court's Standing Order and the Court's Rules prior to filing any further discovery motions. This requires the parties properly meet and confer as to each disputed issue as required by LR IA 1-3(f). If the parties cannot reach an agreement through the meet and confer process, the parties must file a joint "motion regarding discovery dispute" related to only those items that remain outstanding and unresolved by the meet and confer. (ECF No. 24). In this motion, the parties must state the specific discovery request at issue and the specific response received. Upon receipt of such a motion, the court will set a teleconference hearing with the parties to try to resolve the dispute informally. No formal discovery motion can be filed by either party until this process is complete. (*Id.*) If the court cannot resolve the issue through this procedure, the court will order briefing and set a specific briefing schedule on the issue.

The Court understands that Ahmed is proceeding *pro se*, however, *pro se* litigants are still required to abide by the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's orders. Further failures to follow the court's order by either party may result in an order to show cause why sanctions should not be issued for failure to follow a court order pursuant to LR IA 11-8(e).

Therefore, the reasons stated above, Ahmed's Motion to Compel and the Supplemental Motion to Compel (ECF Nos. 42 and 43) are **DENIED**.

**DATED:**  June 14, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**