**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TARIQ AHMAD,<br><br>Plaintiff,<br><br>v.<br><br>JIM FULKERSON, *et al.*,<br><br>Defendants. | Case No. 3:20-CV-00717-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 31, 39, 46, 48, 50, 54, 64, 66] |

Pending before the Court is Defendant Jim Fulkerson's ("Fulkerson") motion to dismiss. (ECF No. 31.) In response, Plaintiff Tariq Ahmad ("Ahmad") filed a motion to amend his first amended complaint, (ECF No. 39), to which Fulkerson responded, (ECF No. 40), and Ahmad replied, (ECF No. 41). For the reasons discussed below, the Court recommends Fulkerson's motion to dismiss, (ECF No. 31), be granted, Ahmad's motion to amend, (ECF No. 39), be denied, and all other, pending motions, (ECF Nos. 46, 48, 50, 54, 64, 66), be denied, as moot.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 28, 2020, Ahmad, acting *pro se*, filed his complaint in this matter. (ECF No. 1). Ahmad alleges Graco bribed Jim Fulkerson ("Fulkerson"), a former Graco employee, to persuade Fulkerson to change his testimony regarding contract work Graco did for Pacific Energy & Mining Co, a company for which Ahmad was president. (*Id.*) Ahmad's complaint raised two specific causes of action against Graco: fraud and commercial bribery. (*Id.*) On February 8, 2021, Ahmad filed a first amended complaint ("FAC"), changing the named defendant from Graco to Fulkerson, and alleging conspiracy to commit fraud, fraud, and commercial bribery. (ECF No. 22.) On May 7,

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

2021, Fulkerson filed the instant motion to dismiss based mainly on a lack of personal jurisdiction. (ECF No. 31.) In response, Ahmad filed a motion to amend his FAC, (ECF No. 39), but did not otherwise respond to the motion to dismiss.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Lack of personal jurisdiction is a waivable defect, unlike lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(1). On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating the court's exercise of jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the court's determination is based on written materials rather than after an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277 (2014). Due process requires that a defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). The primary focus of a court's personal jurisdiction inquiry is "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1779 (2017); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (stating that the court's primary concern is "the burden on the defendant") (quoting *Bristol-Myers Squibb*, 137 S.Ct. at 1780). A plaintiff must establish that the court has personal jurisdiction by either (1) general jurisdiction and (2) specific jurisdiction. *Freestream Aircraft (Bermuda) Limited v. Aero Law Group*,

905 F.3d 597, 602 (9th Cir. 2018).

"General jurisdiction exists when the defendant's contacts with the forum state are so "continuous and systematic" as to render the defendant essentially "at home" in that forum." *Freestream Aircraft (Bermuda) Limited v. Aero Law Group*, 905 F.3d 597, 602 (9th Cir. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). The defendant's "suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S.Ct. at 1121. Contacts that are "'random, fortuitous, or attenuated'" will not suffice. *Id.* at 1123 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In addition, the relationship between the defendant and the forum state "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). Additionally, the contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (citing *Int'l Shoe*, 326 U.S. at 319).

Specific or "case-linked" jurisdiction "depends on an 'affiliation between the forum and the underlying controversy' (*i.e.*, an 'activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation')." *Walden*, 134 S.Ct. at 1121 n.6 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Courts in the Ninth Circuit apply a three-part test to determine whether a non-resident defendant is subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct her activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802). Plaintiffs bear the burden of satisfying the first two prongs of the test. *Axiom Foods*, 874 F.3d at 1068–69 (quoting *Schwarzenegger*, 374 F.3d at 802). If a plaintiff meets that burden, "the burden then shifts to the defendant to present a

compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 1069 (quoting *Schwarzenegger*, 374 F.3d at 802).

### III. DISCUSSION AND ANALYSIS

Fulkerson moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction because Fulkerson has no minimum contacts in Nevada, and the events underlying the dispute at issue all occurred in Utah. (ECF No. 31.) Fulkerson further argues Ahmad's disagreement with the decision of the Utah state court belongs in the Utah Court of Appeals—where Ahmad has already filed an appeal—not in Nevada or the federal court system. (*Id.*) In response to the motion to dismiss, Ahmad filed a motion to amend his FAC. (ECF No. 39). However, the motion to amend and the proposed second amended complaint fail to address Fulkerson's arguments related to the lack of personal jurisdiction. In fact, the allegations set forth in Ahmad's proposed second amended complaint reiterate that the events underlying this lawsuit took place in Utah and that Fulkerson resides in Utah. (*See* ECF No. 39-2.)

Here, there is no evidence to establish either general or specific jurisdiction exists in this case. First, there is no evidence that Fulkerson has any systematic or continuous contacts with Nevada to support general jurisdiction. In addition, there is no evidence that Fulkerson purposefully directed any activities toward Nevada, consummated some transaction in Nevada, or purposefully availed himself to Nevada in any way. Moreover, none of the claims in this lawsuit relate to any Nevada related activities that Fulkerson allegedly engaged in. Therefore, Ahmad has failed to meet his burden to make a prima facie showing that personal jurisdiction can be asserted over Fulkerson in Nevada.

Rather, the only connection to Nevada that Ahmad has established is that Ahmad, himself, resides in Nevada and Fulkerson contacted him in Nevada. However, this is not sufficient to establish personal jurisdiction. *See Bristol-Myers Squibb Co.*, 137 S.Ct. at 1779 (The primary focus of a court's personal jurisdiction inquiry is "the defendant's relationship to the forum State."). As Ahmad has not opposed the motion to dismiss and he has not alleged any facts to establish that the court has general or specific jurisdiction

over *defendants*, the complaint should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Because the Court recommends that Fulkerson's motion to dismiss, (ECF No. 31), be granted, and Ahmad's motion to amend does not cure these jurisdictional defects, the Court also recommends that Ahmad's motion to amend, (ECF No. 39), be denied, and all other pending motions, (ECF Nos. 46, 48, 50, 54, 64, 66), be denied, as moot.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Fulkerson's motion to dismiss, (ECF No. 31), be granted, Ahmad's motion to amend, (ECF No. 39), be denied, and the miscellaneous motions, (ECF Nos. 46, 48, 50, 54, 64, 66), be denied, as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Fulkerson's motion to dismiss, (ECF No. 31), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Ahmad's motion to amend, (ECF No. 39), be **DENIED**; and,

**IT IS FURTHER RECOMMENDED** that the motion to compel, (ECF No. 46), countermotion to quash, (ECF No. 48), motion to substitute plaintiff, (ECF No. 50),

motion to compel, (ECF No. 54), motion to disqualify counsel, (ECF No. 64), and motion to compel, (ECF No. 66), be **DENIED as moot**.

**DATED:** ___September 1, 2021___.

_____
**UNITED STATES MAGISTRATE JUDGE**